Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
Ethan K. Morris, Bar No. 7-6439
PO Box 3442
Jackson, WY 83001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT WYOMING

| | |
|---|---|
| WILLIE JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>MOUNTAINSIDE APARTMENTS, L.P. &<br>HUDSON REAL ESTATE CO.<br><br>      Defendants. | Case No. |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Willie Jones ("Plaintiff" or "Mr. Jones"), by and through undersigned counsel, and files this Complaint against Defendants Mountainside Apartments, L.P. and Hudson Real Estate Co., stating and alleging as follows:

## INTRODUCTION

1. Mr. Jones brings this Complaint against Defendants for negligence, premises liability, respondeat superior, and breach of implied warranty of habitability. On November 26, 2020, Mr. Jones was descending the staircase outside his unit at Mountainside Apartments in Cheyenne, Wyoming. Mountainside Apartments is federally subsidized housing project through the Low-Income Housing Tax Credit program and is required to adhere to standards of care set by federal regulation and state law. As Mr. Jones stepped on the stair at the bottom of the staircase the stair cracked in multiple places and broke off from the staircase. The stair is shown below.



The broken stair caused Mr. Jones to fall backward onto the staircase and land violently on his neck, back, and head. He lost consciousness and suffered significant injuries, which forced him to undergo a spinal fusion. To date, his medical bills total more than $100,000.00 (one hundred thousand dollars).

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a resident of Cheyenne, Laramie County, Wyoming.

3. Defendant Mountainside Apartments, L.P. is a foreign limited partnership organized under the laws of the State of Washington that is registered to do business in Wyoming. Its principal place of business is 1200 28th St #100 Boulder, Colorado 80303, and its registered agent for service of process in Wyoming is Corporation Service Company, 1821 Logan Ave., Cheyenne, Wyoming 82001.

4. Defendant Hudson Real Estate Co. is a foreign for-profit corporation organized under the laws of the State of Colorado that is registered to do business in Wyoming. Its principal place of business is 1200 28th St #100 Boulder, Colorado 80303, and its registered agent for service of process is Eleanore Sandra Adams, 1900 Rainbow Rd., Cheyenne, Wyoming 82001.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and Plaintiff and Defendants are citizens of different states.

6. This Court has personal jurisdiction over Defendants because this action arises out of Defendants' negligence caused by their acts and/or omissions within Wyoming and affecting Plaintiff. Further, Defendants have sufficient minimum contacts with the forum state and have purposefully availed themselves of the privilege of conducting activities within Wyoming. The exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Similarly, it does not offend the due process clauses of the federal or state constitutions.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Wyoming.

## FACTUAL ALLEGATIONS

8. Mountainside Apartments, L.P. is the entity that owns the property known as Mountainside Apartments located at 4109 E Pershing Blvd., Cheyenne, Wyoming 82001.

9. Through its ownership and operation of Mountainside Apartments, Mountainside Apartments, L.P. receives tax credits thorough the federal Low Income Housing Tax Credit (LIHTC) Program, 26 U.S.C. § 42.

10. As a recipient of tax credits through the LIHTC Program, Mountainside Apartments, L.P. is required to follow the provisions of 26 U.S.C. § 42 as well as local health, safety, building codes, and Uniform Physical Condition Standards (UPCS) as defined by the United States Department of Housing and Urban Development (HUD).

11. Upon information and belief, Hudson Real Estate Co. was hired by Mountainside Apartments, L.P. to serve as the on-site property manager for Mountainside Apartments.

12. Plaintiff Willie Jones has been a tenant of Mountainside Apartments and resided in Unit M265 at all times relevant to this *Complaint*.

13. Upon information and belief, Mountainside Apartments, L.P. and/or Hudson Real Estate Co. was charged with managing and maintaining Mountainside Apartments.

14. Upon information and belief, the staircase outside of Plaintiff's unit was subject to management and maintenance by Mountainside Apartments, L.P. and/or Hudson Real Estate Co.

15. On November 26, 2020, Mr. Jones was descending the staircase outside his unit at Mountainside Apartments in Cheyenne, Wyoming.

16. As he stepped on the stair at the bottom of the staircase, the stair cracked in multiple places and broke off from the staircase.

17. This caused Mr. Jones to fall backward onto the staircase and land violently.

18. The fall injured Mr. Jones' neck and back and he was forced to undergo a spinal fusion.

**CLAIMS FOR RELIEF**

**First Claim: Premises Liability – Mountainside Apartments, L.P.**

19. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

20. Mountainside Apartments, L.P. owed Mr. Jones a duty of care to keep the premises in a safe condition and to protect individuals against dangers known to it and dangers discoverable with the exercise of reasonable care.

21. Mountainside Apartments, L.P. breached its duty of care to Mr. Jones by:
    a. Failing to warn of or repair the dangerous condition existing on the stairway;
    b. Failing to discover and mitigate the dangerous condition existing on the stairway;
    c. Failing to hire or provide sufficient resources to any maintenance company to warn of or repair the dangerous condition existing on the stairway;
    d. Failing to adhere to the standards and requirements set forth in of 26 U.S.C. § 42;
    e. Failing to meet local health, safety, building codes, and Uniform Physical Condition Standards (UPCS) as defined by HUD; and
    f. Other failures to act or not act that contributed to the dangerous condition existing on the stairways.

22. Mountainside Apartments, L.P.'s breach of its duty of care was the cause in fact and proximate cause of Mr. Jones' injuries.

23. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

**Second Claim: Premises Liability – Hudson Real Estate Co.**

24. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

25. Hudson Real Estate Co. owed Mr. Jones a duty of care to keep the premises in a safe condition and to protect individuals against dangers known to it and dangers discoverable with the exercise of reasonable care.

26. Hudson Real Estate Co. breached its duty of care to Mr. Jones by:

    a. Failing to warn of or repair the dangerous condition existing on the stairway;

    b. Failing to discover and mitigate the dangerous condition existing on the stairway;

    c. Failing to hire or provide sufficient resources to any maintenance company to warn of or repair the dangerous condition existing on the stairway;

    d. Failing to adhere to the standards and requirements set forth in of 26 U.S.C. § 42;

    e. Failing to meet local health, safety, building codes, and Uniform Physical Condition Standards (UPCS) as defined by HUD; and

    f. Other failures to act or not act that contributed to the dangerous condition existing on the stairways.

27. Hudson Real Estate Co.'s breach of its duty of care was the cause in fact and proximate cause of Mr. Jones' injuries.

28. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Third Claim: Negligence – Mountainside Apartments, L.P.

29. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

30. Mountainside Apartments, L.P. has a duty to warn of or repair dangerous conditions existing on the stairways.

31. Mountainside Apartments, L.P. breached this duty by failing to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell.
32. Mountainside Apartments, L.P. also breached its duty of care by violating relevant statutes, regulations, and/or ordinances.
33. Mountainside Apartments, L.P.'s negligence was the cause in fact and proximate cause of Mr. Jones' injuries.
34. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Fourth Claim: Negligence – Hudson Real Estate Co.

35. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.
36. Hudson Real Estate Co. has a duty to warn of or repair dangerous conditions existing on stairways.
37. Hudson Real Estate Co. breached this duty by failing to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell.
38. Hudson Real Estate Co. also breached its duty of care by violating relevant statutes, regulations, and/or ordinances.
39. Hudson Real Estate Co.'s negligence was the cause in fact and proximate cause of Mr. Jones' injuries.
40. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Fifth Claim: Respondeat Superior – Mountainside Apartments, L.P.

41. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

42. Under the doctrine of Respondeat Superior, Mountainside Apartments, L.P. is responsible for the tortious conduct of its employees performed within the scope of their employment.

43. In this case, employees of Mountainside Apartments, L.P. negligently failed to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell.

44. At the time that the Mountainside Apartments, L.P. employees failed to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell, they were acting within the course and scope of their employment with Mountainside Apartments, L.P.

45. The Mountainside Apartments, L.P. employees' negligence was the cause in fact and proximate cause of Mr. Jones' injuries and damages.

46. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

**Sixth Claim: Respondeat Superior – Hudson Real Estate Co.**

47. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

48. Under the doctrine of Respondeat Superior, Hudson Real Estate Co. is responsible for the tortious conduct of its employees performed within the scope of their employment.

49. In this case, employees of Hudson Real Estate Co. negligently failed to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell.

50. At the time that the Hudson Real Estate Co. employees failed to warn of or repair the dangerous conditions existing on the stairway where Mr. Jones fell, they were acting within the course and scope of their employment with Hudson Real Estate Co.

51. The Hudson Real Estate Co. employees' negligence was the cause in fact and proximate cause of Mr. Jones' injuries and damages.

52. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Seventh Claim: Breach of Implied Warranty of Habitability

53. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

54. At all times relevant to this Complaint, Plaintiff was a tenant of Mountainside Apartments and Defendant Hudson Real Estate Co. was the landlord as identified in the Lease Agreement.

55. Pursuant to the Lease Agreement, Defendant Hudson Real Estate Co. owes tenants such as Plaintiff an implied warranty of habitability to maintain rental units in a safe, sanitary and habitable condition.

56. The warranty of habitability implied in the Lease Agreement requires that Defendant Hudson Real Estate Co.:

    a. Not rent the residential rental unit unless it is reasonably safe, sanitary and fit for human occupancy;

    b. Maintain common areas of the residential rental unit in a sanitary and reasonably safe condition;

    c. Maintain electrical systems, plumbing, heating and hot and cold water; and

    d. Maintain other appliances and facilities as specifically contracted in the rental agreement.

57. Defendant Hudson Real Estate Co. breached this implied warranty of habitability by:

    a. Renting the residential rental unit to Plaintiff that was unreasonably unsafe, unsanitary and unfit for human occupancy; and

    b. Failing to maintain common areas of the residential rental unit in a sanitary and reasonably safe condition.

58. Defendant Hudson Real Estate Co.'s breach was the cause in fact and proximate cause of Mr. Jones' injuries and damages.

59. Mr. Jones is entitled to general and special damages for these injuries and harms, as more fully set forth below.

## DAMAGES

60. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

61. The negligence of Mountainside Apartments, L.P. and/or Hudson Real Estate Co. proximately caused Mr. Jones to suffer the following damages and injuries in an amount to be proven at trial:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future emotional pain and suffering;

    c. Past, present and future shame, humiliation, disgrace, and mental anguish;

    d. Past, present and future loss of enjoyment of life;

    e. Past, present and future medical expenses;

    f. Past, present, and future pecuniary losses;

    g. Caretaking, including the reasonable expense of necessary help in the home that has been required as a result of the injury and any such help that is reasonably probable to be required in the future;

    h. Disability and disfigurement, whether temporary or permanent;

i. Punitive and exemplary damages in a reasonable amount sufficient to adequately punish Defendants, and to serve as a deterrent and warning against future conduct of the type alleged in this *Complaint*;

j. Other general and special damages as revealed by discovery and established at trial;

k. Nominal damages;

l. All allowable costs, fees, and expenses associated with this litigation, including but not limited to reasonable attorney's fees actually incurred. Pursuant to paragraph 17 of the lease agreement, the prevailing party is entitled to reasonable attorney fees and court costs from the other party; and

m. All other damages allowed under Wyoming or other applicable law for Plaintiff's injury.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jones requests that this Court grant judgment as follows:

1. Judgment against Defendants for compensatory damages in an amount consistent with these allegations and proven at trial;

2. Judgment against Defendants for punitive and exemplary damages in an amount consistent with these allegations and proven at trial;

3. Judgment against Defendants for costs, fees, and expenses associated with this litigation, including but not limited to reasonable attorney's fees actually incurred; and,

4. Further relief as this Court deems just and equitable.

Dated ___8.3.2021___.

_____
Alex. F. Freeburg, Bar No. 7-5182
Ethan K. Morris, Bar No. 7-6439
Freeburg Law, LLC
Box 3442
Jackson, WY 83001

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated __8·3·2021__.

*[signature]*
Alex. F. Freeburg, Bar No. 7-5182
Freeburg Law, LLC
Box 3442
Jackson, WY 83001